UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENOCK TELLUS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF NEW JERSEY,<br><br>　　　　　　Respondent. | Civil Action No. 14-3121 (MAS)<br><br>**MEMORANDUM AND ORDER** |

　　*Pro se* Petitioner Enock Tellus, a prisoner confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO241 (modified).

　　In addition, Petitioner neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed in forma pauperis ("IFP") that contains an affidavit of indigency with a certification by an authorized official at his place of confinement certifying Petitioner's institutional account for the preceding six months, as required under L.Civ.R. 81.2(b).

　　THEREFORE, it is on this 29th day of May, 2014;

1

ORDERED that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs ...."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner a blank form Application to Proceed *In Forma Pauperis* in a Habeas Corpus Case (DNJ-PRO-SE-007-B.pdf), for use by a prisoner; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Room 2020, Trenton, New Jersey 08608, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include (1) a complete, signed habeas petition on the appropriate form, and either: (2) a complete *in forma pauperis* application, including a signed affidavit of indigency with a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b); or (3) the $5 filing fee; and it is finally

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, a complete, signed petition, and either a complete *in forma pauperis* application or the $ 5.00 filing fee, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
United States District Judge