UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENOCK TELLUS, | |
| Petitioner, | Civil Action No. 14-3121-BRM |
| v. | **OPINION** |
| STATE OF NEW JERSEY, | |
| Respondent. | |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Enock Tellus ("Petitioner"), confined at the New Jersey State Prison in Trenton, New Jersey, challenging a sentence imposed by the State of New Jersey for first-degree murder and related crimes. For the reasons set forth below, the Petition is **DENIED**.

**I.    FACTUAL BACKGROUND**

On November 5, 2004, Petitioner shot and killed Clark "Biggie" Simon (the "Victim") with a handgun. *State v. Tellus*, No. A-6652-06T4, slip op. (ECF No. 19-4) ("*Tellus I*") at 2 (N.J. App. Div. Mar. 2, 2010). According to the record, Petitioner had prior encounters with the Victim weeks before the shooting, resulting in an acrimonious relationship between them. *Id.* On the night of the shooting, the Victim was at a bar with a friend when Petitioner entered the bar and, upon seeing the Victim, charged toward him. *Id.* at 3. A scuffle ensued between the two men, ultimately resulting in Petitioner shooting the Victim in the head at point-blank range. *Id.* at 3-4, 6. Several

witnesses at the bar, including the Victim's friend, identified Petitioner as the shooter. *Id.* at 3-6. One witness testified Petitioner uttered "f*** that n****r" as he ran out of the bar. *Id.* at 4.

During prosecution, Petitioner's counsel adopted a defense that Petitioner was misidentified and was not present at the scene. *Id.* at 6. As such, and consistent with his trial strategy, Petitioner's counsel opposed the inclusion of jury instructions regarding lesser included offenses. *Id.* Nevertheless, the Superior Court ("Trial Court") instructed the jury on the lesser included offenses of aggravated manslaughter and reckless manslaughter. *Id.* at 7. There was no objection to these instructions at trial. *Id.* Petitioner was convicted by the jury of first-degree murder. *Id.*

On direct appeal to the Appellate Division, Petitioner raised only two claims: (1) the trial court erred in failing to include instructions for passion/provocation manslaughter, and (2) the sentence he received was excessive. *Id.* The Appellate Division affirmed both the conviction and the sentence, *id.* at 18, and the New Jersey Supreme Court denied his petition for certification, *State v. Tellus*, 202 N.J. 45 (2010).

Petitioner subsequently filed a *pro se* application for post-conviction relief ("PCR") in Superior Court ("PCR Court"), in which he raised claims alleging:

> his trial counsel was ineffective in failing to undertake any pretrial investigation, failing to call witnesses who could exonerate him by testifying that he was not at the bar at the time that Simon was killed, not requesting a *Wade*[] hearing as to the photo array presented to the witness, not requesting a passion/provocation manslaughter jury instruction, and failing to assert *Brady*[] violations. Similarly, [the] PCR petition raised an ineffective assistance of counsel claim on the same issues against his appellate counsel.

*State v. Tellus*, No. A-1897-12T4, slip op. (ECF No. 19-24) ("*Tellus II*") at 3-4 (N.J. App. Div. Dec 3, 2004) (footnotes omitted). The PCR Court denied PCR, *id.* at 11, and that decision was affirmed by the Appellate Division, *see Tellus II*, *supra*.

2

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a claim has been adjudicated on the merits in state court proceedings, a writ for habeas corpus shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012).

A state court decision involves an "unreasonable application" of clearly established federal law if the state court (1) "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2) "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). Federal courts must follow a highly deferential standard when evaluating, and therefore give the benefit of the doubt to, state court decisions. *See Felkner v. Jackson*, 131 S. Ct. 1305, 1307 (2011); *Eley v. Erickson*, 712 F.3d 837, 845 (3d Cir. 2013). A state court decision is based on an unreasonable determination of the facts only if the state court's factual findings are objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Moreover, a federal court must accord a presumption of correctness to a state court's factual findings, which

a petitioner can rebut only by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Rice v. Collins*, 546 U.S. 333, 339 (2006) (finding that petitioner bears the burden of rebutting presumption by clear and convincing evidence); *Duncan v. Morton*, 256 F.3d 189, 196 (3d Cir. 2001) (noting that factual determinations of state trial and appellate courts are presumed to be correct).

## III. DECISION

Petitioner raised ten grounds for relief in his *pro se* supplemental brief appealing the PCR Court's denial. *Tellus II*, *supra*, at 6-8. This Court references these grounds, as did the Appellate Division in affirming the PCR Court's decision, because they set forth all grounds for relief to which Petitioner believes he is entitled, including those set forth in the Petition. To the extent Petitioner did not raise these grounds prior to seeking PCR, the Court will address that issue below. Accordingly, the Court considers the following grounds for relief: (1) the conviction was based on false and perjured testimony known by the authorities; (2) Petitioner received ineffective assistance of counsel; (3) Petitioner was a victim of a *Brady* violation and prosecutorial misconduct; (4) the Trial Court erred in allowing the prosecutor to lead a witness into providing prejudicial testimony; (5) the Trial Court erred in not striking false, improper or otherwise highly prejudicial remarks made by the prosecutor during opening and closing statements; (6) the Trial Court judge abused his discretion when he reinstated trial counsel after removing him previously from the case; (7) the court erred by instructing the jury as to the importance of the indictment; (8) the Trial Court erred by permitting the prosecutor to provide his own drawings of the crime scene; (9) the Trial Court judge erred by not instructing the jury on self-defense, accidental death, or passion/provocation manslaughter; (10) Petitioner was denied effective assistance of direct appeal and PCR appellate counsels. *See id.* (ECF No. 1.)

**A. Grounds One, Four, Five, Six, Seven, and Eight**

Respondents argue Petitioner is procedurally barred from raising Grounds Four, Five, Six, Seven, and Eight in the Petition. The Court agrees, because these claims were not raised prior to seeking PCR. For the same reason, Ground One is barred, as well.

"Federal habeas courts generally refuse to hear claims 'defaulted . . . in state court pursuant to an independent and adequate state procedural rule.'" *Johnson v. Lee*, 136 S. Ct. 1802, 1803 (2016) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). "State rules count as 'adequate' if they are 'firmly established and regularly followed.'" *Id.* (quoting *Walker v. Martin*, 562, U.S. 307, 316 (2011)). In New Jersey, the Appellate Division frequently declines to consider claims that were not raised in the trial court first. *See State v. Robinson*, 200 N.J. 1, 20 (2009) ("It is a well-settled principle that our appellate courts will decline to consider questions or issues not properly presented to the trial court when an opportunity for such a presentation is available . . . .") (quoting *Nieder v. Royal Indem. Ins. Co.*, 62 N.J. 229, 234 (1973)); *State v. Coleman*, Indictment No. 13-04-0210, 2016 WL 6937921, at *5 (N.J. Super. Ct. App. Div. Nov. 28, 2016); *State v. Dunlap*, Indictment No. 10-07-0983, 2016 WL 207616, at *1 n.3 (N.J. Super. Ct. App. Div. Jan. 19, 2016); *State v. Southerland*, Indictment No. 09-10-1750, 2015 WL 392172, at *7-8 (N.J. Super. Ct. App. Div. Jan. 30, 2015).

In this case, any claims not heard by the Appellate Division on appeal from the PCR Court were defaulted pursuant to this adequate state court rule. Indeed, in affirming the PCR Court's denial, the Appellate Division stated, "To the extent that defendant raised issues concerning alleged trial errors and alleged inefficiency of PCR counsel that were not raised in his petition below or considered by the PCR court, we decline to address them." *Tellus II*, *supra*, at 10 n.5.

Therefore, Grounds One,[1] Four, Five, Six, Seven, and Eight were defaulted and need not, on their own, be addressed further here.

To the extent Plaintiff blames his PCR counsel for not raising these issues before the PCR Court, there is no federal constitutional right to counsel in PCR Court proceedings, *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), and federal law prohibits ineffective assistance of PCR counsel claims in a federal habeas petition, *see* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Indeed, as the Appellate Division noted on the PCR appeal, Petitioner had filed his own PCR brief with the PCR Court, which did not raise these grounds. *Tellus II*, *supra* at 3-4. Petitioner does not explain why he did not include these grounds for relief in his own brief. Accordingly, the Court finds these grounds are procedurally defaulted under an independent and adequate state procedural rule that is firmly established and regularly followed. *See Robinson*, 200 N.J. at 20. Accordingly, Petitioner's demand for relief on Grounds One, Four, Five, Six, Seven, and Eight is **DENIED**.

**B. Ground Two**

In Ground Two, Petitioner alleges his trial counsel was ineffective because he (a) "failed to file a motion to suppress as a result the state failed to disclose sworn statements given to detective . . . by witnesses who allege that they were present at the . . . bar . . . and they did not see the defendant there" (ECF No. 1 at 7); (b) failed to challenge a witness identification through an allegedly constitutionally deficient photo array; (c) failed to challenge the prosecution's alleged withholding of fingerprint and DNA test results; (d) failed to have the victim's fingernail clipping

---

[1] Although Ground One may have been implicated as part of Petitioner's ineffective assistance of counsel claims in the state court, the substantive claims themselves were never raised.

tested for DNA; (e) failed to investigate and call other witnesses that could have provided exculpatory testimony; (f) failed to present the Victim's friend's videotape statement to the police; (g) failed to have the court to instruct the jury on self-defense, accidental death, or passion/provocation. Only arguments (b), (e), and part of (g)[2] above were presented to the PCR Court. (*See* Sup. Ct. Order denying PCR (ECF No. 19-13) at 5.) As such, the Court finds Ground Two, arguments (a), (c), (d), (f), and the other parts of (g), are procedurally defaulted for the same reasons as Grounds One, Four, Five, Six, Seven, and Eight, and the Court will only address the issues presented to the PCR Court.

With regard to argument (b), the PCR Court held that, "in light of the facts of the case, defense counsel could not have made a prima facie showing of suggestiveness. . . . [The witness] knew Petitioner and what he looked like, having seen him two or three times a day for a one-year period." (ECF No. 19-13 at 10.) With respect to argument (e), the PCR Court held, "Petitioner has not provided a sufficient factual basis to determine that more investigation by trial counsel was warranted. No affidavits or certificates were submitted which in any way indicated that the enumerated witnesses had any evidence helpful to Petitioner." (*Id.*) Finally, for argument (g), the PCR Court found that, because the substantive issue was already litigated and rejected on direct appeal, counsel could not have been ineffective for not requesting a meritless instruction; in essence, argument (g) is substantively the same claim as Ground Nine, which the Court addresses below. The Appellate Division affirmed the PCR Court's holdings for the same reasons, stating, "[Petitioner] made many assertions of trial mistakes, but failed to set forth with particularity those facts that would support the claims presented." *Tellus II*, slip op. at 10-11.

---

[2] Petitioner only challenged the trial counsel's failure to request a passion/provocation instruction at the Trial Court level, not his failures to request a self-defense or accidental death instruction.

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness." *Hinton v. Alabama*, 134 S. Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case," *Strickland*, 466 U.S. at 693[3]; rather, to establish prejudice, the defendant must show "there is a reasonable probability that the result of the trial would have been different absent the deficient act or omission," *Hinton*, 134 S. Ct. at 1083. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 1089 (quoting *Strickland*, 466 U.S. at 695).

The Court finds the state courts' holdings were a reasonable application of established federal law. Without any factual support for Petitioner's claim of ineffective assistance, it was impossible for the PCR Court to find that the alleged ineffective assistance could have altered the

---

[3] The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

8

outcome in the case. Indeed, while Petitioner raises the same claim here on federal habeas, he again does not provide any factual support for his claim. The Court need not accept conclusory allegations not supported by facts, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and on a federal habeas, Petitioner must provide *clear and convincing* evidence to rebut the state courts' factual findings, 28 U.S.C. § 2254(e). Petitioner does not satisfy either standard on this claim. Accordingly, relief on this claim is denied.

### C. Ground Three

Petitioner alleges the prosecution failed to disclose: (a) evidence regarding the allegedly improper photo array; (b) certain witness testimonies arguing those witnesses did not see Petitioner at the bar; (c) fingerprint data on the bullets found at the scene; and (d) DNA test results of the Victim's fingernail clipping. Petitioner also contends the prosecution lied to the jury regarding certain threats made by Petitioner to the Victim's friend. Only issue (d) was presented to the PCR Court, therefore, all other issues are procedurally defaulted. As to issue (d), the state court found "Petitioner has not provided any proof of *Brady* violations by the prosecutor. Petitioner has not enumerated why DNA testing of the victim's nail clippings would be exculpatory in any way." (ECF No. 19-13 at 10-11.)

"[T]he suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). This rule requires prosecutors to disclose known material information favorable to the accused and "to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). Thus, *Brady* expressly prohibits withholding evidence "favorable to an accused" and "material to [his] guilt or to punishment." *Cone v. Bell*, 556 U.S. 449, 451 (2009). To establish that a *Brady*

9

violation undermines a conviction, a convicted defendant must establish all of the following: (1) the evidence at issue is "favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the State suppressed the evidence, "either willfully or inadvertently"; and (3) "prejudice . . . ensued." *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999); *see Banks v. Dretke*, 540 U.S. 668, 691 (2004). "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Thus, nondisclosure merits relief only if the prosecution's failure "undermines confidence in the outcome of the trial." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995) (quoting *Bagley*, 473 U.S. at 678).

The Court finds the PCR Court's ruling to be a reasonable application of established federal law. Although not specifically addressed by the PCR Court, there is no indication in the record that the prosecution had any DNA testing done on the fingernails. *Brady* only requires the prosecution to turn over known evidence it had in its possession, not to affirmatively gather evidence on Petitioner's behalf—there is no federal constitutional right to "effective assistance of the prosecution," since the prosecution, as his adversary, need not assist Petitioner at all. *See Perkins v. Phelps*, No. 09-0162, 2012 WL 1835714, at *14 (D. Del. May 16, 2012) ("Although *Brady* prohibits the government from suppressing and/or destroying evidence favorable to the accused that is in its actual or constructive possession, it does not require that the government gather evidence or conduct an investigation on behalf of the defense . . . ."). If Petitioner believed fingernail testing would have produced useful evidence, he was free to request his own counsel obtain such testing—indeed, he raises an ineffective assistance of counsel claim due to counsel's failure to do so, which was addressed above. *See supra*.

Furthermore, it was reasonable for the PCR Court to hold that Petitioner's claim failed because he had not provided any evidence showing why such DNA testing would been exculpatory. Without such evidence, it was impossible for the PCR Court to find that the fingernail testing, even if it had been performed by the prosecution, would have resulted in exculpatory or impeaching evidence that the prosecution was obligated to turn over. Similar to Petitioner's ineffective assistance of counsel claim, he does not provide any such evidence to establish relief on this ground. Therefore, this claim is denied.

### D. Ground Nine

Petitioner alleges the Trial Court erred by not providing the jury with instructions regarding self-defense, accidental death, or passion/provocation manslaughter. The only argument made by Petitioner concerning passion/provocation were made at the Appellate Division on direct appeal; the other arguments were not presented until PCR appeal. Accordingly, the self-defense and accidental death arguments are procedurally defaulted.

The Appellate Division found there was no error in the omission of a passion/provocation instruction, because trial counsel was opposed to its inclusion, and evidence did not support such instruction. *Tellus I*, slip op. at 16-18. "Under the circumstances, we conclude that the evidence, viewed most favorably to defendant, does not support a passion/provocation manslaughter charge, much less clearly indicate the appropriateness of such a charge." *Id.* at 18.

Errors made in jury instructions are harmless unless they "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Here, implicit in the Appellate Division's finding was that the inclusion of such instruction would not have undermined the jury's verdict. Indeed, since Petitioner's primary defense was an alibi defense, the inclusion of a passion/provocation defense would have been inconsistent; if

11

Petitioner truly was not present at the scene, he could not be guilty of *any* crime, whether it was murder or any of its lesser included offenses. In fact, Petitioner continues to assert issues relating to his alibi defense while simultaneously arguing for passion/provocation, not at all cognizant of the obvious incompatibility between the two arguments. Even when given instructions on lesser included offenses, the jury still found Petitioner guilty of first-degree murder. Petitioner provides no evidence to show that the inclusion of the passion/provocation instruction would have influenced the verdict and, therefore fails to establish the state court's holding was unreasonable. Relief on this ground is denied.

### E. Ground Ten

Lastly, the Court addresses Petitioner's claims regarding ineffective assistance of direct and PCR appellate counsel. As the Court stated above, ineffective assistance of counsel during state collateral review is not a cognizable claim on federal habeas, so the Court must deny relief on any such claim against the PCR appellate counsel.

With regard to the claim against direct appellate counsel, the PCR Court did not specifically address such claim, but instead analyzed Petitioner's claims against trial counsel together with his claims against appellate counsel, finding that there was no ineffective assistance of counsel claim against either. (*See* EFC No. 19-13 at 6, 11); *Tellus II*, slip op. at 4, 11. Implicit in such a finding is if trial counsel's alleged mistakes did not warrant relief, then appellate counsel's alleged mistake in failing to raise those same issues on appeal would not be prejudicial to Petitioner, and likewise does not warrant relief. The Court finds the PCR Court's holding to be a reasonable application of established federal law. Therefore, relief on this ground is denied.

**F. Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, no certificate of appealability shall issue. *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

## IV. CONCLUSION

For the reasons set forth above, the Petition is **DENIED**, and a certificate of appealability is **DENIED**.

Date: May 7, 2018
*/s/ Brian R. Martinotti*_____
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**